**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000884
22-FEB-2024
08:33 AM
Dkt. 69 SO**

NO. CAAP-18-0000884

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THONIE B. RIVERA, Claimant-Appellant, v.
DICK PACIFIC CONSTRUCTION COMPANY, LTD., Employer-Appellee,
and SEDGWICK CLAIMS MANAGEMENT SERVICES,
Insurance Carrier-Appellee.

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2015-353; DCD NO. 2-08-10160)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Wadsworth and McCullen, JJ.)

Self-represented Claimant-Appellant Thonie B. Rivera

(**Rivera**) appeals from the Labor and Industrial Relations Appeals

Board's (**LIRAB**) October 26, 2018 Decision and Order concluding

that the Department of Labor and Industrial Relations,

Disability Compensation Division (**DLIR**) did not err in denying

Rivera's request to reopen his case.

On appeal, Rivera appears to contend that he should be

allowed to reopen his case to show he is permanently and totally

disabled under the odd-lot doctrine. Employer-Appellee Dick Pacific Construction and Insurance Carrier-Appellee Sedgwick Claims Management Services (**Appellees**), however, contend Rivera's claim of being permanently totally disabled is barred, but should this court address Rivera's contention, he is not permanently totally disabled based on the odd-lot doctrine.[1]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we affirm.

**(1)** Appellees contend Rivera's claim of being permanently and totally disabled is an attempt to relitigate the issue and is improper. Appellees rely on law of the case doctrine and argue LIRAB's May 13, 2014 Decision and Order affirming DLIR's July 11, 2012 decision was dispositive.

Though DLIR's July 11, 2012, and LIRAB's May 13, 2014, decisions ruling Rivera was permanently *partially* disabled may have implicitly addressed Rivera's argument that he was permanently *totally* disabled, neither decision made an express finding or conclusion on Rivera's argument. We thus address LIRAB's denial of Rivera's request to reopen his case.

---

[1] Appellees also assert Rivera's opening brief fails to comply with Hawai'i Rules of Appellate Procedure Rule 28. Appellees are correct, but we endeavor to give "litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012) (cleaned up).

**(2)** Rivera appears to argue his case should be reopened to consider whether he is permanently and totally disabled based on the odd-lot doctrine.

"Under the odd-lot doctrine, an injured employee may be considered permanently and totally disabled if [they are] unable to obtain employment because of work-related permanent partial disability combined with such factors as age, education, and work experience." Skahan v. Stutts Constr. Co., 148 Hawaiʻi 460, 469 n.8, 478 P.3d 285, 294 n.8 (2021) (citation omitted).

In its October 26, 2018 decision, LIRAB discussed and made (unchallenged) findings regarding Rivera's: age; language proficiency; schooling; prior work experience; extent of disability; and testimony. Kawamata Farms, Inc. v. United Agri Prods., 86 Hawaiʻi 214, 252, 948 P.2d 1055, 1093 (1997) ("If a finding is not properly attacked, it is binding; and any conclusion which follows from it and is a correct statement of law is valid.") (citation omitted). LIRAB then concluded Rivera failed to meet his burden of establishing that he fell under the odd-lot doctrine.

Based on the unchallenged findings and the record before this court, LIRAB's decision denying Rivera's request to reopen his case did not prejudice Rivera's substantial rights. See Hawaiʻi Revised Statutes § 91-14(g) (Supp. 2017) (providing

the court may remand an agency decision "if the substantial rights of the petitioners may have been prejudiced . . . .").

Based on the foregoing, we affirm LIRAB's October 26, 2018 Decision and Order.

DATED:  Honolulu, Hawaiʻi, February 22, 2024.

| | |
|---|---|
| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
| Thonie B. Rivera,<br>self-represented<br>Claimant-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Kenneth T. Goya,<br>Steven L. Goto,<br>(Chong, Nishimoto, Sia,<br>Nakamura & Goya),<br>for Employer-Appellee, Dick<br>Pacific Construction and<br>Insurance Carrier-Appellee,<br>Sedgwick Claims Management<br>Services. | /s/ Sonja M.P. McCullen<br>Associate Judge |